The People of the State of New York, Respondent, v. Theodore W. Myers, as Comptroller, etc., Appellant.

Where the comptroller of the city of New York failed to comply with the provision of the statute requiring him to issue and negotiate revenue bonds to pay the proportion of the state tax chargeable to the city and county of New York, *held*, that the municipality was properly charged with interest on the unpaid taxes from the time they should have been paid into the state treasury.

The said comptroller bears the same relation to the state with respect to the payment of the state tax as does the county treasurer in other counties, and he is chargeable with the same duties and obligations.

The provision, therefore, of the act of 1855 (Chap. 427, Laws of 1855) requiring the state comptroller to charge the several county treasurers with the amount of the state tax to be raised in their respective counties, and in case of default in payment of any balance due authorizing a recovery on behalf of the state for said balance, with interest from May first of the year when it ought to have been paid, applies to the city comptroller.

When a party seeks to recover or compel payment of a specified sum alleged to have fallen due before the commencement of the action or proceeding, and proof is given without exception as to the amount of interest that has accrued, and a general verdict is directed which includes interest, an exception to this direction does not raise the question on appeal as to the right to interest. To present that question the attention of the court should be directed to it either by objection to the proof of interest, so far as it depends upon the pleading, or by requiring some specific ruling or direction on that point.

Reported below, 66 Hun, 167.

(Argued June 20, 1893 ; decided June 30, 1893.)

Appeal from judgment of the General Term of the Supreme Court in the third judicial department, entered upon an order made November 22, 1892, which affirmed a judgment directing the issuance of a writ of peremptory mandamus.

The facts, so far as material, are stated in the opinion.

*D. J. Dean* for appellant. The issue of a peremptory writ for the payment of a sum, including interest upon the principal sum, is improper, because no interest is claimed in the alternative writ. (*People ex rel. v. D. H. R. R. Co.*, 58 N. Y. 152 ; High on Ext. Leg. Rem. 38 ; *People v. Suprs., etc.*,

15 Barb. 607; *People* v. *Suprs.*, 12 id. 446 ; *People* v. *McLean*, 62 Hun, 42, 46; *People* v. *Gilroy*, 60 id. 507.) Interest is not chargeable against the city and county of New York by reason of the failure of the comptroller of the city to transfer to the state treasurer the city's quota of the state taxes promptly on the day required by the statute. (Laws of 1873, chap. 760 ; *Hamilton* v. *Van Rensselaer*, 43 N. Y. 244–246 ; *Van Rensselaer* v. *Jewett*, 2 id. 135–140 ; *Brainard* v. *Jones*, 18 id. 35–37 ; *Brewster* v. *Wakefield*, 22 How. [U. S.] 118–127 ; *Young* v. *Godbe*, 15 Wall. 562–565 ; *M. Bank* v. *M. N. Bank*, 4 Otto, 437; *U. S.* v. *Sherman*, 8 id. 565 ; *Darlington* v. *Mayor, etc.*, 31 N. Y. 193 ; *People* v. *Canal Comrs.*, 5 Den. 405.)

*S. W. Rosendale, Attorney-General,* for respondent.

O'Brien, J.    The comptroller of the city of New York is authorized and required by statute to issue and negotiate revenue bonds for the purpose of raising money to pay the quota or proportion of the state tax chargeable to the city and county of New York.    He is required in this way, unless the money is otherwise provided, to pay the state tax at the same time or times that the other counties of the state are or may be required to make payment by law, to wit, one-half thereof on the 15th day of April, and the other half on the first day of May in each and every year.    (Laws 1882, ch. 410, § 153.)

A portion of the tax due and payable by the city and county of New York to the state treasury on May 1, 1890, was not paid, and the comptroller neglected or refused to issue revenue bonds to raise the money for its payment. The attorney-general, in behalf of the state, applied for a peremptory mandamus against the comptroller, requiring him to issue and negotiate the bonds, and out of the proceeds to draw his warrant and pay the tax.    Certain allegations in the petition for the writ were put in issue, and an alternative writ was issued, to which a return was made, and upon the petition writ and return the cause was tried.    The court directed a verdict for the state for the amount of the tax unpaid on

May 1, 1890, and the interest thereon from that date. Judg-ment having been entered on the verdict and affirmed at Gen-eral Term, the case comes here upon appeal, and the record presents but a single question, and that is whether the city and county of New York was prᴐperly charged with interest on the unpaid taxes from the time when they should have been paid into the state treasury. We think there was no error in the direction of the learned trial judge with respect to the interest. Under the system for the assessment and collection of taxes that prevails in this state, the several counties repre-sent the individual taxpayers as between them and the state. The county is responsible to the state for its quota of the state tax, and is clothed with all the powers necessary to enable it to collect the tax and pay the same into the state treasury. The powers conferred for this purpose and the duties imposed create an obligation against the county to levy, collect and pay the tax to the state at the time designated by law, and for failure to do so it is in default. Each county becomes a debtor to the state for its quota or proportion of the tax, payable at a specified time, and if, for any reason, it neglects or refuses to perform the obligation, the same conse-quences must follow as in the case of any other debtor who fails to meet his obligations, and that is the liability to be charged with interest from the time the debt or obligation became due. (*Mayor, etc.,* v. *Davenport,* 92 N. Y. 604, 616; *People* v. *County of New York,* 5 Cowen, 331.)

In this respect the relations of the city and county of New York to the state are precisely the same as the other counties of the state. So that upon general principles and irrespective of any statute on the subject of interest, the appeal cannot be sustained.

By chapter 427 of the Laws of 1855, the comptroller is required to charge the several county treasurers with the amount of the state tax to be raised in their respective counties, crediting them with their fees, and to state the account between the state and the several counties, and trans-mit a copy of the same to the county treasurers on the first day of May in each year, requiring payment of any balance

then due.   This statute further provides that, in the event of default, refusal or neglect on the part of any county treasurer to pay any balance, the same shall be referred to the attorney-general, who shall prosecute forthwith, and the state shall be entitled to recover the balance due, with interest thereon from the first day of May in the year in which the same ought to have been paid.   The comptroller of the city of New York is the fiscal officer that bears the same relations to the state with respect to the payment of the state tax as the county treasurers in the other counties, and he is chargeable with the same duties and obligations, so that this statute applies to him when he omits or refuses to pay the state tax when due.

It is said that interest should not have been allowed, because not claimed or demanded in the alternative writ.   This objection we think comes too late.   The People claimed interest at the trial, because proof was given by them as to the amount and computation, and the defendant made no objection upon this or any other ground, and raised no question in any form as to the amount or items included in the judgment.   Indeed, there is but one exception in the record, and that is a general one to the direction of a verdict.   When a party seeks to recover or compel the payment of a specified sum of money alleged to have fallen due before the commencement of the proceeding, and proof is given without objection as to the amount of interest that has accrued since the date when payment should have been made, and a general verdict is directed for a sum which includes interest, to which direction an exception is taken, the question as to the right to interest is not raised.   The attention of the court should be directed to the question either by objecting to the proof of interest so far as it depends upon the pleading, or by requesting some specific ruling or direction on the point.   It is apparent from the record that the attention of the trial court was not called to the question of interest at all, or to the sufficiency of the pleading in that respect.

The judgment should be affirmed, with costs.

All concur, except MAYNARD, J., not sitting.

Judgment affirmed.